UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CARRIE JEAN MOORE,<br><br>                          Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br>Administration,<br><br>                          Defendant. | NO: 12-CV-0542-TOR<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary

judgment (ECF Nos. 13 and 15).  Plaintiff is represented by Lora Lee Stover.

Defendant is represented by Christopher J. Brackett.  This matter was submitted

for consideration without oral argument.  The Court has reviewed the

administrative record and the parties' completed briefing and is fully informed.

For the reasons discussed below, the Court grants Defendant's motion and denies

Plaintiff's motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

1                                       JURISDICTION

2          The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g);

3    1383(c)(3).

4                                   STANDARD OF REVIEW

5          A district court's review of a final decision of the Commissioner of Social

6    Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is

7    limited: the Commissioner's decision will be disturbed "only if it is not supported

8    by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

9    1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means

10   relevant evidence that "a reasonable mind might accept as adequate to support a

11   conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently,

12   substantial evidence equates to "more than a mere scintilla[,] but less than a

13   preponderance."  *Id.* (quotation and citation omitted).  In determining whether this

14   standard has been satisfied, a reviewing court must consider the entire record as a

15   whole rather than searching for supporting evidence in isolation.  *Id.*

16         In reviewing a denial of benefits, a district court may not substitute its

17   judgment for that of the Commissioner.  If the evidence in the record "is

18   susceptible to more than one rational interpretation, [the court] must uphold the

19   ALJ's findings if they are supported by inferences reasonably drawn from the

20   record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i);

1   416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

2   Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

3   404.1520(b); 416.920(b).

4        If the claimant is not engaged in substantial gainful activities, the analysis

5   proceeds to step two.  At this step, the Commissioner considers the severity of the

6   claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the

7   claimant suffers from "any impairment or combination of impairments which

8   significantly limits [his or her] physical or mental ability to do basic work

9   activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c);

10  416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

11  however, the Commissioner must find that the claimant is not disabled.  *Id.*

12       At step three, the Commissioner compares the claimant's impairment to

13  several impairments recognized by the Commissioner to be so severe as to

14  preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§

15  404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more

16  severe than one of the enumerated impairments, the Commissioner must find the

17  claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

18       If the severity of the claimant's impairment does meet or exceed the severity

19  of the enumerated impairments, the Commissioner must pause to assess the

20  claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f); 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

1    The claimant bears the burden of proof at steps one through four above.

2    *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

3    the analysis proceeds to step five, the burden shifts to the Commissioner to

4    establish that (1) the claimant is capable of performing other work; and (2) such

5    work "exists in significant numbers in the national economy."  20 C.F.R. §§

6    404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

7                              ALJ'S FINDINGS

8         Plaintiff filed applications for disability insurance benefits on June 8, 2010

9    and supplemental security income disability benefits on August 18, 2010.  Tr. 191-

10   98.  These applications were denied initially and upon reconsideration and a

11   hearing was requested.  Tr. 91-92, 113-14, 152-53.  A hearing was held before an

12   Administrative Law Judge ("ALJ") on December 20, 2011.  Tr. 41-90.  The ALJ

13   rendered a decision denying Plaintiff benefits on January 25, 2012.  Tr. 21-40.

14        At step one, the ALJ found that Plaintiff had not engaged in substantial

15   gainful activity since March 23, 2006, the alleged onset date.  Tr. 26.  At step two,

16   the ALJ found that Plaintiff had severe impairments, but, at step three, the ALJ

17   found that Plaintiff's impairments did not meet or medically equal a listed

18   impairment.  Tr. 27–30.  The ALJ determined Plaintiff had the residual functional

19   capacity to:

20        perform light work as defined in 20 C.F.R. 404.1567(b) and
          416.967(b). She can lift and/or carry up to 20 pounds occasionally and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

up to 10 pounds frequently. She can stand and/or walk for 30 minutes at a time for a total of up to two hours in an eight-hour workday. She can sit for one hour at a time for a total of up to six hours in an eight-hour workday; after one hour of sitting, the claimant would need to stand briefly at the workstation before she could resume sitting again. The claimant can push and/or pull unlimitedly with the upper extremities within the lifting restrictions, but she can only occasionally operate foot controls. She can never balance or climb ramps, stairs, ladders, ropes or scaffolds. She should avoid concentrated exposure to extreme cold; irritants such as fumes, odors, dusts, chemicals and gases as well as poorly ventilated areas. She should never work at unprotected heights. The claimant is able to perform simple, routine and repetitive tasks and can maintain concentration and pace for those tasks. She can remember and follow short, simple instructions. The claimant would do best in a low-stress job with only simple and occasional decision making and simple and occasional changes in the work setting. There should be no fast-paced production requirements. The claimant is limited to superficial interaction with the public, coworkers, and supervisors.

Tr. 31.  At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as a nurse assistant and motel cleaner.  Tr. 35.  At step five, the ALJ concluded that there were a significant number of jobs existing in the national economy which Plaintiff could perform in view of her residual functional capacity and denied her claims on that basis.  Tr. 36.

The Appeals Council denied Plaintiff's request for review on July 24, 2012, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Tr. 1-5; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

///

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

1                                    ISSUES

2        Plaintiff purports to raise four issues for review:

3            1. The ALJ erred in assessing the Plaintiff's residual functional capacities;

4            2. The ALJ failed to pose a proper hypothetical to the vocational expert;

5            3. The ALJ erred in assessing Plaintiff's credibility; and

6            4. Plaintiff contends that the evidence taken from the record as a whole does

7            not support the Defendant's decision that Plaintiff is not disabled.

8    ECF No. 13 at 8.  While Plaintiff lists these four issues in her brief, only one

9    narrative argument is made under the caption "Credibility of Plaintiff's

10   Testimony."  *Id*. at 11-13.  Accordingly, the Court will address only those issues

11   actually argued in Plaintiff's narrative, *id*., in the order so presented.

12                                  DISCUSSION

13   **A. Plaintiff's Credibility**

14       Plaintiff asserts the ALJ found her to be incredible, but not on "convincing

15   evidence." ECF No. 13 at 12.  She reasons that her testimony, in conjunction with

16   the opinion of her treating physician, Dr. Kersten, should have been afforded

17   greater weight concerning her physical limitations and psychological impairments.

18   *Id*.  As Plaintiff herself acknowledges, *id*. at 11, "convincing evidence" is not the

19   standard of review for this Court to apply.  As discussed above, nor does this Court

20   hold the prerogative to weigh the evidence to arrive at a decision.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

A claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings."  20 C.F.R. § 416.908.  A claimant's statements about his her symptoms alone will not suffice.  20 C.F.R. §§ 416.908; 416.929(a).  Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).  As long as the impairment "could reasonably be expected to produce [the] symptoms," 20 C.F.R. §416.929(b), the claimant may offer a subjective evaluation as to the severity of the impairment.  *Id.*  This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured."  *Id.* at 347 (quotation and citation omitted).

In the event that an ALJ finds the claimant's subjective assessment unreliable, however, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).  In making such a determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1   *Id.* If there is no evidence of malingering, the ALJ's reasons for discrediting the

2   claimant's testimony must be "specific, clear and convincing." *Chaudhry v.*

3   *Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). The

4   ALJ "must specifically identify the testimony she or he finds not to be credible and

5   must explain what evidence undermines the testimony." *Holohan v. Massanari*,

6   246 F.3d 1195, 1208 (9th Cir. 2001).

7       Here the ALJ gave clear and convincing reasons for discounting the extent

8   of Plaintiff's claimed physical and mental limitations. Tr. 31-34. No error is

9   apparent to this Court. Because Plaintiff's argument has not been raised with any

10   particularity, the Court will decline to address it further. *See Carmickle v. Comm'r*

11   *of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (declining to reach

12   issue where appellant "failed to argue [the] issue with any specificity in his

13   briefing"); *Rogal v. Astrue*, 2012 WL 7141260 at *3 (W.D. Wash. 2012)

14   (unpublished) ("It is not enough merely to present an argument in the skimpiest

15   way, and leave the Court to do counsel's work—framing the argument and putting

16   flesh on its bones through a discussion of the applicable law and facts.") (citations

17   omitted).

18   ///

19   ///

20   ///

**B. Whether the RFC Included Limitations Identified by Drs. Layton and Donahue**

Plaintiff argues that she has limitations in "her ability to perform activities within a schedule, maintain regular attendance and be punctual" and that she lacks "tolerance for supervision in the work place." ECF No. 13 at 12-13.  Plaintiff contends that the ALJ should have found these limitations "as a matter of law." *Id*. at 12.

Plaintiff contends that the ALJ should have included testimony from Dr. Layton (an M.E.), at Tr. 67, that Plaintiff would have a moderate limitation in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances.  The hearing transcript shows that the ALJ asked Dr. Layton to clarify, "with that being moderate, would you agree with the conclusion that the claimant would be able to maintain concentration and pace for routine tasks?" Tr. 67.  Dr. Layton answered, "Yes."  The ALJ found, "Dr. Layton believed that the claimant's ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances was moderately limited, but otherwise agreed with Dr. Donohue's assessment and the conclusion that the claimant could maintain concentration and pace for routine tasks."  Tr. 33.

Plaintiff also contends that Dr. Donahue made the same finding for a moderate limitation regarding the ability to perform within a schedule, maintain

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

1  regular attendance, and be punctual within customary tolerances. However, the

2  record shows that Dr. Donahue opined twice—first on the initial determination and

3  later on reconsideration—that Plaintiff had no significant limitations concerning

4  this ability.  Tr. 122, 133.  Thus, substantial evidence supports the ALJ's findings.

5       The ALJ's residual functional capacity finding also stated that Plaintiff

6  could only have superficial interaction with her supervisors.  Tr. 31.  That is a

7  reasonable interpretation of Dr. Layton's opinion that Plaintiff's interaction with

8  supervisors should be limited to occasional prompting.  Tr. 69.

9       Substantial evidence supports this finding by the ALJ, as well.

10      **C. Hypothetical Posed  to the Vocational Expert**

11      Plaintiff argues that, "the ALJ failed to pose an adequate hypothetical to the

12  vocational expert" since "the hypothetical question did not fully represent

13  Plaintiff's physical impairments, nor did it accurately portray her psychological

14  impairments and her pain complaints."  ECF No. 13 at 13.  This argument is not

15  otherwise developed and can only be interpreted as derivative of Plaintiff's

16  arguments above.  No error has been shown above, thus, the hypothetical was

17  proper.

18      **D. Capable of Performing Other Work**

19      Plaintiff's last argument is that "the evidence does not support a finding by

20  the ALJ that the Plaintiff can be expected to work in positions such as a microfilm

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

1    document preparer, hand packager or final assembler." ECF No. 13 at 13.

2         Based upon the Plaintiff's residual functional capacity, as found by the ALJ

3    from substantial evidence in the record, the vocational expert testified that Plaintiff

4    could work at these occupations.  Tr. 84-85.  Accordingly, no error has been

5    shown.  Because this argument has not been raised with any more particularity, the

6    Court will decline to address it further.  *See Carmickle v. Comm'r of Soc. Sec.*

7    *Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008).

8    **IT IS HEREBY ORDERED:**

9         1.  Defendant's Motion for Summary Judgment, ECF No. 15, is

10            **GRANTED**.

11        2.  Plaintiff's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

12        The District Court Executive is hereby directed to file this Order, enter

13   Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

14        **DATED** June 26, 2013.

15   

16                                THOMAS O. RICE
                                 United States District Judge

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13